## Samuel O. McKee v. City of Pittsburgh, Appellant.

*Actions—Trespass does not lie for change of grade—Road law.*

Damages for injury resulting to an abutting property owner from an alleged change of grade of a city street cannot be recovered in an action of trespass. Special provisions have been made for ascertaining damages sustained in such cases by the Act of May 16, 1891, P. L. 75, and such remedy must be sought under the provisions of that act.

Argued April 11, 1898. Appeal, No. 14, April T., 1896, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1896, No. 228, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Trespass to recover damages which plaintiff claimed were done to his property on an alleged change of grade of Main street in the city of Pittsburg. Before STOWE, P. J.

The defendant presented, among others, the following point: "That under the pleading and evidence in this case, the verdict should be for the defendant. *Answer:* Refused." [1]

Verdict and judgment for plaintiff for $300. Defendant appealed.

*Error assigned* among others was refusal of defendant's first point, reciting same.

*J. H. Beal,* with him *Clarence Burleigh* and *A. J. Niles,* for appellant.—In Woodland Avenue, 178 Pa. 325, it was decided that the act of May 16, 1891, embraced "all municipal corporations of this commonwealth," and provided a complete system for ascertaining the damage done to property by changes of grade. See also White v. McKeesport, 101 Pa. 394, and Power v. Ridgway, 149 Pa. 317.

*Levi Bird Duff,* for appellee.—A change from the natural grade is actionable, though no grade has ever been fixed: Brighton v. Church, 96 Pa. 331; Brighton v. Peirsol, 107 Pa. 280; O'Brien v. Phila., 150 Pa. 589.

It is the physical, not the paper, change of grade, for which

an action lies, and this action accrues when the work is done on the ground: Jones v. Borough, 144 Pa. 638.

The injury to the plaintiff's property was caused not by the change of the established or paper grade of the street, but by the negligence of the defendant city in laying the pavement below the established grade, and so maintaining it for twenty years, and after the plaintiff had built to the grade he found on the ground, and had laid his sidewalk at that grade, under the city's direction, then changing the grade to his injury. In other words, the injury was caused by the negligent, not by the official, acts of the city.

OPINION BY BEAVER, J., May 9, 1898:

On the 30th of December, 1872, the city of Pittsburg established a grade upon Main between Liberty and Penn streets, of which a record and plan were made and kept in the office of its engineering and surveying department, since which time no change has been made in the official grade. Whether the actual grade upon the ground at the point involved in the present action was made to conform to the official grade is not clearly apparent. There was some evidence that Main street at some points had been originally constructed to conform to the established grade of 1872, but it did not affirmatively appear that that portion of the street upon which the plaintiff's lot abutted had ever been actually made to conform to that grade.

The plaintiff, in his statement, averred that the " defendant, by its officers and agents, in 1887 changed the grade of said Main street by filling, thereby raising the level of said street fifteen inches, and again in 1893 raising the level of said street eighteen inches more, so that plaintiff's lot and building are now below the level of said Main street," etc.

The plaintiff admits that, if he is entitled to recover in this action, it can only be for the damages arising from the alleged change of grade in 1893. Whether the portion of Main street in front of the plaintiff's property was made to conform at the time the street was first graded to the grade as established in 1872 and the subsequent acts of the defendant were rendered necessary by the settling of the ground, so as to restore the street to its original grade, or whether the act of the city, com-

plained of in this action, first brought the street to the established grade is, in our view of the case, of little importance. In either event, the city undoubtedly had the legal right to do that of which the plaintiff complains. It was not an unlawful act. It was not, in the legal sense, a tort. The plaintiff, therefore, as we view the case, mistook his remedy in bringing an action of trespass against the city. It was held by the Supreme Court, in White v. Borough of McKeesport, 101 Pa. 394, that compensation under the provisions of the constitution of 1874 for property taken, injured or destroyed in the construction or enlargement of public works could not be recovered in an action of trespass. Mr. Justice GREEN saying: " The provision of the constitution, without doubt, was intended to secure compensation, as well for an injury as for a taking, but compensation is the price of the privilege to inflict the injury and not a penalty for an illegal act. It is to be recovered not by an action founded upon a tort, which presupposes an illegal act, but by a proceeding for the assessment of the damage done by the injury sustained." In Power v. Borough of Ridgeway, 149 Pa. 317, in which, in an action of trespass for damages caused by a change in the abutments of a bridge, the plaintiff was nonsuited, the action of the court below was affirmed on the ground that the remedy was not trespass but by proceedings for the appointment of viewers under the Act of May 24, 1878, P. L. 129.

It is true that, in O'Brien v. the City of Philadelphia, 150 Pa. 589, a recovery in trespass was allowed for damages sustained by a change of grade of a city street, but in that case, as distinctly appears by the opinion of the Supreme Court, " It was agreed that no objection, based on the form of the action, should be made."

The Act of May 16, 1891, P. L. 75, provides: " That all municipal corporations of this commonwealth shall have power, whenever it shall be deemed necessary in the laying out, opening, widening, extending or grading of streets, lanes or alleys, the construction of bridges and the piers and abutments therefor, the construction of slopes, embankments and sewers, the changing of watercourses or vacation of streets or alleys, to take, use, occupy or injure private lands, property or material; and, in case the compensation for the damages or the benefits

accruing therefrom have not been agreed upon, any court of common pleas of the proper county or any law judge thereof in vacation, on application thereto, by petition of said municipal corporation or any person interested, shall appoint three discreet and disinterested freeholders as viewers," etc. If the plaintiff were injured by the act of the city, of which he complains, he should have pursued the provisions of this act of assembly.

In the Woodland Avenue case, 178 Pa. 325, in which the city of Allegheny changed the grade of Woodland avenue and the court of common pleas of Allegheny county appointed viewers to assess the damages, upon the petition of Cora E. Fisher, whose report was confirmed by the said court, the Supreme Court affirmed the action of the court below, holding that " The act of 1891 makes ample provision (in such cases) and the plaintiff is entitled to the benefit of its provisions."

Special provision having been, therefore, made by the legislature for ascertaing the damages sustained by the plaintiff, if any, he cannot pursue the common-law remedy and the defendant's first point, the refusal of which constitutes the first assignment of error, " That under the pleadings and evidence in this case, the verdict should be for the defendant," should have been affirmed.

As this disposes of the entire case, it is not necessary to consider the other assignments of error.

The judgment is reversed.