## Alexander M. Hoster, Appellant, *v.* City of Philadelphia.

*Actions—Trespass—Injury resulting from change of grade—Road law.*

Where the effect of a change of grade of city streets was to render useless a drain, through which the surface water had been conducted from the plaintiff's premises, in consequence of which the water backed up and injured them, and where it appears that such injury is the direct and necessary consequence of the duly authorized change of grade, it follows that the city not being a wrongdoer there can be no recovery for the injury in an action of trespass.

The plaintiff is confined to his remedy under the Act of May 16, 1891, P. L. 75. If plaintiff was not satisfied with the award of the viewers his remedy was by exceptions or appeal; he may not take damages awarded by them and then bring an action for the residue of his claim.

Argued Oct. 17, 1899.   Appeal, No. 75, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 674, in favor of defendant on case stated.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by RICE, P. J.

Case stated.   Before the court in banc.

It appears from the case stated that under the authority of an ordinance the grade of Clearfield street and also Twentieth street was changed.   By reason of the change of grade of said Twentieth and Clearfield streets a creek or run was filled up and in consequence thereof plaintiff was unable to drain into said creek or run, by reason whereof the surface and waste water from plaintiff's premises backed up and filled the cellar and yard of plaintiff's property.

It also appeared that a jury of view was appointed by the court of common pleas to estimate and determine the damages, if any, and the jury awarded the plaintiff the sum of $1,300.

At the hearing before the viewers the plaintiff offered testimony as to the damage to his property due to accumulation of water on his premises resulting from the said change of grade, but under objection the same was excluded.   Plaintiff thereupon brought the present action, it being agreed that if the defendant is liable to damages in the present action, then judgment to be entered in favor of plaintiff and against the defendant in the sum of $750.

The court entered judgment on the case stated in favor of defendant.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on case stated.

*Clarence S. Eastwick*, for appellant.—The only case in point that counsel was able to find was that of Delahunt v. Chester, 6 Del. Co. 142, in which Judge CLAYTON held that a jury of view could not award such damages, but that an action of trespass was the proper remedy.

That case was an action brought against the municipality of the city of Chester to recover damages for the destroyal of the plants in the greenhouses of plaintiff, who was a florist.   The

damage was caused by the workmen in the course of filling up the street blocking up a small surface water course, and during the night it overflowed, occasioning the damage aforesaid.

This is not a taking under the right of eminent domain. There was no appropriation of plaintiff's property, and a jury of view would not have jurisdiction to award damages. It is not a claim for the disturbance of the right of drainage, but a proceeding to recover for the negligence of the employees of the city of Philadelphia. The measure of damages would be entirely different and we would have the anomaly of the jury assessing damages by means of two separate and distinct measures of compensation. This is clearly set forth by Justice Mc-Collum, in the case of Eshleman v. Township, 152 Pa. 68.

*James Alcorn*, assistant city solicitor, with him *Howard A. Davis* and *John L. Kinsey*, city solicitor, for appellee.—The act of 1891 having provided a remedy in such cases, the claimant cannot maintain a common-law action. This has been decided by many cases, among them McKee v. Pittsburg, 7 Pa. Superior Ct. 397, and Phillips v. Incline Plane Co., 153 Pa. 230.

That the appellant may have failed to secure a hearing before the jury of view as to some of the damage which he claimed, does not entitle him to bring an action of trespass. It was his place to have filed exceptions to the report of the viewers, or to have appealed from their report to a trial by jury. The act of 1891 furnished him a remedy if he be dissatisfied with the action of the viewers. Having submitted his case to the jury of view, he is concluded by its award.

OPINION BY RICE, P. J., January 17, 1900:

In changing the grade of Twentieth street and Clearfield street, pursuant to ordinance, the city filled up a creek or run, which is described in the case stated as flowing over said streets near their intersection. The effect was to render useless a drain through which the surface water had been conducted from the plaintiff's premises, in consequence of which the water backed up on his premises and injured them. It is not alleged in the case stated nor in the plaintiff's statement of claim that the injury of which the plaintiff complains was caused by the negligence of the city or its employees. On the contrary, it is

admitted that it was "by reason of the change of grade" that the run was filled up. A case stated like a special verdict must set forth facts distinctly and unequivocally, and nothing must be left to inference. Whatever is not expressly agreed upon and set forth must be taken not to exist: 2 P. & L. Dig. of Dec. & Ency. of Pa. Law, Col. 2494, etc.; Loux v. Fox, 171 Pa. 68; Morgan v. Mercer Co., 8 Pa. Superior Ct. 96. Therefore any argument based on the supposed right to maintain a common-law action for negligence in the prosecution of municipal improvements of this kind is out of place. Upon the admitted facts, the injury of which the plaintiff complains was the direct and necessary consequence of the grading of the streets, which was duly authorized. The city was not a wrongdoer. Its act was not a tort. The act of 1891 provided an adequate remedy for the ascertainment of all the plaintiff's damages, which, under the circumstance of the case, was exclusive: McKee v. Pittsburg, 7 Pa. Superior Ct. 397. It is no answer to say that the viewers did not award him all the damages he was entitled to. If he was not satisfied with their award his remedy was by exceptions or appeal. It is too plain for argument that he could not take the damages they awarded him and then bring an action for the residue of his claim.

The judgment is affirmed.