# Chatham Street.

*Road law—Report of viewers—Damages—Presumption as to viewers doing their duty.*

If viewers report simply that the damages which they find accrued from the construction of the municipal improvement, the presumption is that they did their duty and awarded such damages only as the law and evidence warranted.

If the conditions particularized in the report of viewers might, under any state of facts, have been the direct, immediate and necessary or unavoidable consequences of the construction of the improvement, it might, perhaps, be presumed that these facts were established in a competent manner, to the satisfaction of the viewers; but if any or all of the damages which are awarded could not have accrued from injuries of that nature, and this can be determined from the report itself, the report cannot be sustained.

*Eminent domain—Unavoidable injury—Negligence—Damages to property—Constitutional law.*

The absolute liability for injury to property imposed by the constitution, and put by it on the same footing as a taking for public use, is such injury only as is the direct, immediate and necessary or unavoidable consequence

of the act of eminent domain itself irrespective of care or negligence in the doing of it. For such injury a proceeding before viewers is the appropriate remedy. But for injuries by a negligent performance of the work, the remedy must be by action of trespass. It must, however, be kept in mind in applying this rule that the discretionary power to construct the sewers and other improvements and to select the plan is vested in the municipal authorities. The question is, was the injury the necessary consequence of the execution of the plan adopted, or was it the consequence of negligence in executing the plan.

*Eminent domain—Municipalities—Sewer—Unavoidable injuries—Ridge in highway.*

If in the exercise of its discretion, a city lays a sewer at a level which necessarily or unavoidably makes a permament ridge in the highway, which interferes with access to abutting properties, thereby causing injury to the owners, differing not only in degree but in kind from that sustained by the general public, the damages for such injury are recoverable in proceedings before a jury of view.

*Eminent domain—Obstruction of natural drainage—Unavoidable injury —Damages.*

Where a report of a jury of view shows that the viewers, in estimating the damages, took into view the obstruction of the natural drainage in consequence of which water was turned into the cellars of the houses fronting on the street, the court will not on this account set aside the report, since it cannot be affirmed as a fixed legal proposition that there could be no circumstances in which such injuries would be unavoidable. The fact that such injury was temporary in its nature, and had been abated at or before the completion of the work, does not affect the question. The constitutional provision is broad enough to give compensation for temporary as well as permament injuries.

The court will not set aside a report of a jury of view because the report shows on its face that the jury took into consideration as an element of damages that towers or circular walls were erected at one of the manholes of the sewer which was being constructed, and this being built according to a plan for a future elevated street surface, raised it one or more feet above the actual present level.

The court will set aside a report of a jury of view appointed to assess damages resulting from the construction of a sewer, where the report shows on its face that the jury took into consideration the fact that the city had not "relaid the cartway pavement since the work of constructing the sewer was done, and the surface of the street consequently has been in such a condition as is inconsistent with comfortable or even tolerable use thereof by vehicles." There is no necessary connection between the acts of eminent domain and the condition in which the street has been negligently permitted to be since the act was complete.

The viewers are to consider the question of permanent injury just as if they were called on to value it at the moment when compensation could first be demanded, and in doing that the only safe rule is to ascertain and

award as compensation, the difference between the value of the property, unaffected by the municipal improvement, and its value as affected thereby, at the completion of the improvement.

Argued Oct. 15, 1900. Appeal, No. 95, Oct. T., 1900, by the City of Philadelphia, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1897, No. 461, confirming report of jury of view in In re Construction of Sewer on Chatham Street. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of viewers.

This was a proceeding under the Act of May 16, 1891, P. L. 75, to assess damages for injuries to property resulting from the construction of a sewer on Chatham street.

The material portions of the report of the jury of view are as follows:

There can be no doubt but that a considerable loss has been suffered by most of the tenants and owners of premises fronting upon Chatham street, between the termini named in the caption of this case. The city of Philadelphia constructed a sewer on Chatham street, between said termini, at such level that for a part of the distance the surface of the street was broken slightly by an emergence of the filling of earth over the crown of the sewer. Moreover, towers or circular walls were erected by one of the manholes of the said sewer, and this being built according to a plan for a future elevated street surface, raised it one or more feet above the actual present level. Moreover, the city authorities have not relaid the cartway pavement since the work of constructing the sewer was done, and the surface of the street, consequently, has been in such a condition as is inconsistent with comfortable or even tolerable use thereof by vehicles.

In addition to these circumstances, the trench upon said street was defective by reason of the work done by the city, as compared with the condition of things before the said sewer was laid, because the gutters were, for a considerable period, obstructed by the earth and stones thrown out when the trench was dug. There was evidence from which the jury is led to believe that water found its way into the cellars of some of the houses by reason of this obstruction.

At a period of more than six months prior to when the report of the jury was filed, the city authorities or some other individuals, removed that portion of the circular towers projecting over the sewer above the surface of the street, and the iron manholes were lowered to the surface of the street.

The jury find, as is stated above, that many of the properties abutting upon said street, between said termini, are injured by the conditions which have been detailed. The importance of those conditions as causes of the said injuries is indicated by the following order of statement: The present defective highway surface, owing to a failure to repave, insufficiently prepared surface and slopes of the cartway to dispose of water falling thereon, and the slight emergence of the sewer embankment above the level of the street. The discharge, owing to obstruction of the gutters, is substantially removed prior to the date at which this report was filed, as is also the eyesore and obstruction which was produced by the presence of the circular manhole towers.

Exceptions to the report of the jury of view were dismissed by the court.

*Error assigned* was in dismissing exceptions to report of the jury of view.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—Proceedings under the act of May 16, 1891, are intended for and apply only to the exercise of eminent domain. Where a municipality renders itself liable to an action for damages because of a tort, by measures other than those within the jurisdiction of eminent domain, the form of action for damages therefor should be by an action of trespass, unless some other statutory formula is provided: Stork v. Philadelphia, 195 Pa. 101.

An action for damages because of the manner in which the city exercises its right, previously acquired and paid for, to lay a sewer in a highway, cannot be brought on the assumption that the right of eminent domain has therein been used.

*J. Washington Logue*, with him *James E. Gorman*, for appellee.—The city of Philadelphia has a right to the use of Chatham

street as a highway, but the exercising of the right it possesses to use that street for any other purpose than as a highway, and by the construction of a sewer, gives to the owners of the abutting properties their right to compensation, if, by reason of the construction of the sewer, injury has been worked to their property.

OPINION BY RICE, P. J., January 22, 1901:

Upon the petition of an owner of land abutting on the improvement, viewers were appointed to assess the damages and benefits accruing from the construction of a sewer in Chatham street, as provided in the Act of May 16, 1891, P. L. 75. It appears from their report, that (1) the sewer was constructed at such level " that for part of the distance the surface of the street was broken slightly by an emergence of the filling of earth over the crown of the sewer; " that (2) towers or circular walls were erected by one of the manholes of the sewer, and this being built according to a plan for a future elevated street surface, raised it one or more feet above the actual present level; that (3) the city " has not relaid the cartway pavement since the work of constructing the sewer was done, and the surface of the street consequently has been in such a condition as is inconsistent with comfortable or even tolerable use thereof by vehicles; " that (4) the drainage of the street was defective by reason of the work done by the city, because the gutters were, for a considerable period, obstructed by the earth and stones thrown out when the trench was dug ; in consequence of which obstruction water found its way into the cellars of some of the houses. It appears from the report that the second and fourth conditions above specified were temporary and did not exist at the time it was filed. It is clear, however, that in estimating the damages, the viewers took into consideration all the conditions above described ; for they say : " After a careful consideration of all the evidence, the viewers find that the following owners of property, as marked upon the official plan, have received damages by reason of the conditions described in this report, in the sums set opposite their respective names, and the viewers therefore recommend and award the said sums to the said owners." The city excepted upon the grounds, first, that it does not appear by the report that the persons to whom dam-

ages were awarded were injured in the respective amounts by any exercise of eminent domain; second, that it appears from the report that the damages, if any, suffered by the property owners, were caused by other acts than those of eminent domain. The court dismissed the exceptions and the city took this appeal. The assignments of error relate exclusively to the report. The evidence given on the hearings before the viewers is not before us.

If the viewers had reported, simply, that the damages accrued from the construction of the sewer, the presumption would be that they did their duty, and awarded such damages only as the law and evidence warranted. So also, if the conditions particularized in their report might, under any state of facts, have been the direct, immediate and necessary or unavoidable consequences of the construction of the improvement, it might, perhaps, be presumed that these facts were established in a competent manner, to the satisfaction of the viewers. But if any or all of the damages which were awarded could not have accrued from injuries of that nature, and this can be determined from the report itself, the first exception, at least, was well taken and should have been sustained.

The rule governing the assessment of damages in proceedings under the act of 1891 has been very clearly stated in the recent case of Stork v. Philadelphia, 195 Pa. 101. This case was not reported until after the exceptions in the present proceeding had been overruled by the court below, and was not called to its attention. Mr. Justice MITCHELL, after reviewing the history of litigation which preceded the adoption of section 8 of article 16 of our constitution, and commenting on later decisions, said: " The rule which was thus emphatically enforced" (referring to the case of Denniston v. Philadelphia Company, 161 Pa. 41; s. c. 1 Pa. Superior Ct. 599), " and which is the logical deduction from the history of the amendment to the law is, that the absolute liability for injury to property imposed by the constitution, and put by it on the same footing as a taking for public use, is such injury only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in the doing of it. For such injury a proceeding before viewers is the appropriate remedy. But for injuries by negligent per-

formance of the work, the remedy must be by action of trespass." In applying this rule, another equally important principle is to be kept in mind, namely that the discretionary power to construct sewers and other improvements, and to select the plan, is vested in the municipal authorities. When it is said that the injury for which damages may be awarded in this form of proceeding must be the unavoidable consequence of the act of eminent domain, it is clearly not meant that the claimant may be turned out of court merely because, in the opinion of the viewers, the court or the jury, a different, and in other respects equally good, plan might have been adopted by the city, which would have worked no injury to adjoining properties. The question is, was the injury the necessary consequence of the execution of the plan adopted, or was it the consequence of negligence in executing the plan? In the former case the damages may be assessed in this form of proceeding, in the other case not. To be more explicit, if in the exercise of its discretion, the city determined to lay the sewer at a level which necessarily or unavoidably would make a permanent ridge in the highway, which interfered with the access to abutting properties, thereby causing injury to the owners, differing not only in degree but in kind from that sustained by the general public, the damages for such injury are recoverable in this form of proceeding. These remarks apply as well to the second element of damage specified in the report.

Whether or not the obstruction of the natural drainage, in consequence of which water was turned into the cellars of the houses fronting on the street, was unavoidable or resulted from want of care in the prosecution of the work, is a question of fact and is not before us for decision. Ordinarily, this might be avoided, but it cannot be affirmed as a fixed legal proposition, that there can be no circumstances in which it would be unavoidable; nor can we presume from the record before us that there were not such exceptional conditions and circumstances as made it unavoidable in the making of the improvement under consideration. The fact that the injury was temporary in its nature and had been abated at or before the completion of the work does not affect the question. The constitutional provision is broad enough to give compensation for temporary as well as permanent injuries.

We cannot say, therefore, that, in estimating the damages accruing from the construction of the sewer, the viewers went beyond their jurisdiction in taking into consideration the injury, if any, resulting from the causes or conditions specified above under the first, second and fourth heads. The second assignment of error is not sustained.

As to the third specification, we have reached a different conclusion. With regard to this the viewers say: "Moreover, the city authorities have not relaid the cartway pavement since the work of constructing the sewer was done, and the surface of the street, consequently, has been in such a condition as is inconsistent with comfortable or even tolerable use thereof by vehicles." Further on, in stating the relative importance of the conditions detailed by them as causes of the injuries, they put at the head "the present defective highway surface owing to a failure to repave," and the "insufficiently prepared surface and slopes of the highway to dispose of water falling thereon." These conditions are not due to the fact that there is a sewer in the street. No one pretends, and it is not to be inferred from the report, that they are necessarily incident to the improvement. On the contrary it plainly appears from the report that they are attributable to the omission to exercise its discretionary power to regrade and repave the street, or, at the worst, to the neglect of its duty to put and keep the street in passable condition. There is no necessary connection between the act of eminent domain and the condition in which the street has been negligently permitted to be since the act was complete. In this form of proceeding the damages are to be assessed as of the date of the completion of the sewer. How and to what extent had the abutting properties been injured at that time? As has been said repeatedly, the viewers are to consider the question of permanent injury just as if they were called on to value it at the moment when compensation could first be demanded, and in doing that, the only safe rule is to ascertain, and award as compensation, the difference between the value of the property, unaffected by the municipal improvement, and its value, as affected thereby, at the completion of the improvement. The general rule upon this subject as stated in Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411, and "then announced for the first time has proved to be so just, so sensible, so reasonable and yet

so entirely adequate to the proper and legitimate demands of the party injured, that it has received the constant and persistent sanction and approval of this court through all the years that have since elapsed to this very day:" Mr. Justice GREEN, in Philadelphia Ball Club v. Philadelphia, 192 Pa. 632. It is unnecessary to cite other cases. It follows, that damages for the city's neglect of duty after the completion of the improvement could not enter into the estimate. To this extent the basis adopted by the viewers in assessing the damages appears to have been erroneous.

The order dismissing the exceptions is reversed and the record is remitted to the court below for such further action as may be authorized by law.