## Curran *v.* East Pittsburg Borough, Appellant.

*Municipalities—Eminent domain—Damages—Remedy—Public improvements.*

The absolute liability for injury to property imposed by the constitution, and putting it on the same footing as a taking for public use, is such injury only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in the doing of it. For such injury a proceeding before viewers is the appropriate remedy. But for injuries by negligent performance of the work, the remedy must be by action of trespass.

In applying this rule another equally important principle is to be kept in mind, namely, that the discretionary power to construct sewers and other improvements, and to select the plan is vested in the municipal authorities. When it is said that the injury for which damages may be awarded in proceedings before viewers must be the unavoidable consequence of the act of eminent domain, it is clearly not meant that the claimant may be turned out of court merely because, in the opinion of the viewers, the court or the jury, a different, and in other respects equally good, plan might have been adopted by the city which would have worked no injury to adjoining properties. The question is, was the injury the necessary consequence of the execution of the plan adopted, or was it the consequence of negligence in executing the plan ? In the former case the damages may be assessed in this form of proceeding, in the other case not.

Where a borough in making a street improvement changes the grade so as to fill up a space where the drain of a property owner formerly emptied, and thus cut off the drain, and does not connect the drain with a sewer which was part of the improvement; and the work is done without negligence and in pursuance of a general plan of improvement adopted by the borough, the landowner's remedy for the injury is by proceedings before viewers and not by an action of trespass.

Argued April 29, 1902. Appeal, No. 128, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 146, on verdict for plaintiff in case of James Curran v. East Pittsburg Borough. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for injuries to land caused by the cutting off of a drain. Before STOWE, P. J.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $300. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*A. M. Thompson,* for appellant.—Damages which have been sustained as a necessary result of a public improvement under the power of eminent domain, can only be recovered in a proceeding before viewers and not in an action of trespass : McKee v. Pittsburg, 7 Pa. Superior Ct. 396 ; Hoster v. Philadelphia, 12 Pa. Superior Ct. 224 ; In re Chatham Street, 16 Pa. Superior Ct. 103 ; Stork v. Philadelphia, 195 Pa. 101 ; Borough of Beltzhoover v. Gollings, 101 Pa. 293 ; White v. Borough of McKeesport, 101 Pa. 394 ; Power v. Borough of Ridgway, 149 Pa. 317.

It is also the settled law in this state that such injuries as result from defects in the plan of an improvement rather than from negligence in the actual work of construction, are classed · among the injuries which are the natural and inevitable result of the act of eminent domain : Chatham Street, 16 Pa. Superior Ct. 103.

*R. E. Stewart,* with him *John S. Robb* and *F. W. Miller,* for appellee.—The authorities cited in the appellant's paper-book require no further explanation than to say that where damages were allowed to be assessed by the board of viewers, it was expressly on the ground that the injury was the necessary and unavoidable consequence of the improvement.

The attention of the court is respectfully directed to the testimony of the appellant's witnesses in the court below to the effect that by the simple continuing of the appellee's drain fifty feet at the most, further down the street, the appellant could have easily avoided the infliction of the injury complained of by appellee in this action.

OPINION BY RICE, P. J., July 10, 1902:

By an ordinance approved June 20, 1898, the defendant borough authorized and directed the grading, paving, curbing and sewering of Main street, from Braddock avenue to the southerly right of way line of the Pennsylvania Railroad.  The second section of the ordinance provided that the said improvement should be made according to the plans and specifications

thereafter to be made by the borough engineer, which plans and specifications should be submitted to and approved by council. The third section authorized and directed the work to be done by contract to be entered into between the borough and such person, corporation or firm as the council should employ, and to be executed on behalf of the borough by the president or secretary of council. The plans and specifications above referred to were not offered in evidence, but it is not pretended that they were not approved by council as provided in the ordinance, and when the defendant's counsel proposed to put in evidence the contract, for the purpose of showing that the injury to the plaintiff's property, if any, resulted from the construction of a public improvement, the court said: " That don't show it. The ordinance gives you everything you want." In the same connection the counsel for the plaintiff said: " There is no dispute but what this was done by the contractors under the authority of the borough."

The plaintiff was the owner of three houses situate on the western side of Main street. Prior to the improvement, the cellars of two of these houses drained into the cellar of the third, which was lower, and nearer Braddock avenue, the terminus of Main street, and from the latter cellar the water was carried to a gutter in the street, which was about two feet from the property line.

In making the improvement the grade of the street was raised slightly at this point, and it was necessary to sustain the curb on the outside by filling up the space where the drain of the plaintiff formerly emptied. This cut off his drain, and he could not drain into the sewer, which was constructed as part of the improvement, because the borough did not construct an outlet or extension of this sewer, from Braddock avenue to Turtle creek until two years later. During this period the plaintiff alleged that he sustained damage by reason of the stopping up of his drain.

The question of law is, whether the plaintiff could maintain an action of trespass, in other words, whether, as alleged in his statement, the defendant " did wrongfully intercept or stop up the plaintiff's sewer."

It will be seen from the foregoing statement of indisputed facts that the construction of the sewer by the borough with-

out giving it an outlet was not the efficient cause of the injury
of which the plaintiff complains. The sewer brought no water
to the plaintiff's premises and did not intercept nor stop up the
plaintiff's drain. If the sewer had not been put in, the result
would have been the same. It does not appear that anything
was done by the contractors which was not authorized by the
contract and the ordinance, or which the borough had not law
ful power to do by virtue of its right of eminent domain, nor
that anything was omitted to be done which was required by
the ordinance and the contract, nor that there was any negli-
gence in the performance of the work according to the plan
adopted by the municipal authorities. Unquestionably the
borough must make compensation to the plaintiff for the injury
caused to his property by the improvement, and the fact that
it was temporary does not affect the question : Chatham Street,
16 Pa. Superior Ct. 103, at p. 109. But the injury having been
caused by the act of eminent domain itself, the borough is not
liable as a wrongdoer. The legislature has provided an adequate
remedy. The law upon this subject, that is, as to the remedy,
is well settled. Mr. Justice MITCHELL, after reviewing the
history of litigation which preceded the adoption of section 8
of article 16 of our constitution, and commenting on later de-
cisions, said : " The rule which was thus emphatically enforced "
(referring to the case of Denniston v. Philadelphia Company,
161 Pa. 41 ; s. c., 1 Pa. Superior Ct. 599), " and which is the
logical deduction from the history of the amendment to the law
is, that the absolute liability for injury to property imposed by
the constitution, and put by it on the same footing as a taking
for public use, is such injury only as is the direct, immediate
and necessary or unavoidable consequence of the act of eminent
domain itself, irrespective of care or negligence in the doing of
it. For such injury a proceeding before viewers is the appro-
priate remedy. But for injuries by negligent performance of
the work, the remedy must be by action of trespass : " Stork
v. Philadelphia, 195 Pa. 101. Following that authoritative
ruling, we said : " In applying this rule another equally impor-
tant principle is to be kept in mind, namely, that the discretion-
ary power to construct sewers and other improvements, and to
select the plan is vested in the municipal authorities. When
it is said that the injury for which damages may be awarded

in this form of proceeding" (before viewers) "must be the un-avoidable consequence of the act of eminent domain, it is clearly not meant that the claimant may be turned out of court merely because, in the opinion of the viewers, the court or the jury, a different, and in other respects equally good, plan might have been adopted by the city which would have worked no injury to adjoining properties. The question is, was the injury the necessary consequence of the execution of the plan adopted, or was it the consequence of negligence in executing the plan? In the former case the damages may be assessed in this form of proceeding, in the other case not:" Chatham Street, 16 Pa. Superior Ct. 103. See also McKee v. Pittsburg, 7 Pa. Superior Ct. 397, and the cases cited in the opinion of our Brother BEAVER; also Hoster v. Philadelphia, 12 Pa. Superior Ct. 224. Applying these principles to the facts of the case, we conclude that the plaintiff mistook his remedy and, therefore, that the defendant's third point should have been affirmed.

The judgment is reversed.