## Robinson v. Norwood Borough, Appellant.

*Road law—Boroughs—Damages.*

Where a borough has adopted a plan for the grading and improvement of streets in a manner authorized by law, the courts are without jurisdiction to review the exercise of the discretion of the borough authorities. Whatever damages necessarily result from the action of the borough are recoverable in a proceeding before viewers, without regard to whether the borough might have adopted some other plan by which the injury to the property would have been avoided. The borough cannot be held liable to answer in an action of trespass because the plan adopted by its officers was not the best that engineering skill might have devised.

The right to recover damages for injuries necessarily resulting from a street improvement is in the owner of the property injured at the time the injuries were sustained, and not in his subsequent grantee.

Argued Nov. 23, 1904. Appeal, No. 131, Oct. T., 1904, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1903, No. 223, on verdict for plaintiff in case of Joseph Robinson v. Norwood Borough. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for injuries to land. Before SAVIDGE, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* among others was in not entering judgment for defendant on question of law reserved, non obstante veredicto.

*Edward P. Bliss*, for appellant.—Any interference with drainage or alteration in the flow of surface water arising from a change of grade, is an element of the damage to be ascertained in the statutory proceedings and not by an action of trespass: Chatham Street, 191 Pa. 604; Cooper v. Scranton City, 21 Pa. Superior Ct. 17.

A change from the natural grade is a change of grade just as clearly as if changed from a grade previously made by the authorities. Damages for such a change are cognizable only by a jury of view: New Brighton Boro. v. Church, 96 Pa. 331;

Hendrick's Appeal, 103 Pa. 358; O'Brien v. Phila., 150 Pa. 589.

The question of the necessity and propriety of a particular plan or construction is exclusively for the judgment of the corporation and cannot be reviewed by the court: Borough of Easton v. Neff, 102 Pa. 474; Canavan v. Oil City, 183 Pa. 611; Horner v. Philadelphia, 194 Pa. 542; Mason v. Philadelphia, 205 Pa. 177.

*William Gorman* and *William I. Schaffer*, for appellee.— The undisputed facts, admitted by the borough itself, recited by the Judge in his charge, showed that it had not established the grades as shown by its plan but had negligently executed the plan by establishing other grades which threw the water on the plaintiff's land. There can be no question about the right of the plaintiff to recover under this state of facts in an action of trespass. He had no other remedy for the injury done to him: Stork v. Phila., 195 Pa. 101; O'Connor v. Pittsburg, 18 Pa. 187.

It is respectfully submitted that a long line of cases uphold the right of the plaintiff in this action to recover. One of them, on its facts strikingly like the case in hand, is: Elliott v. Oil City, 129 Pa. 570; see also Weir v. Plymouth Borough, 148 Pa. 566; Gift v. City of Reading, 3 Pa. Superior Ct. 359; West Bellevue Borough v. Huddleston, 23 W. N. C. 240; Torrey v. City of Scranton, 133 Pa. 173; Rohrer v. City of Harrisburg, 20 Pa. Superior Ct. 543; Bohan v. Avoca Borough, 154 Pa. 404; Frederick v. Landsdale Borough, 156 Pa. 613.

OPINION BY PORTER, J., March 14, 1905:

The plaintiff is the owner of the lowest part of a tract of land which his predecessor in title, John H. Duffee, laid out into a plan of building lots, upon which he dedicated streets, among which were Ridley and Sylvan avenues. The natural drainage of a part of the tract was over the property of the appellee. Ridley avenue was opened and, in the lawful exercise of the authority of the defendant borough, was graded and macadamized from Harrison avenue to Trites avenue, in front of the property now owned by plaintiff, in the year 1898. As a part of this improvement the borough caused a pipe to be placed under the roadway for the purpose of conducting the

water from the west to the east side of the street where it was discharged in such a manner as to flow over the property, now of the plaintiff, which was then owned by Duffee, and on down the natural grade to the eastward.    The title to that part of the land over which the water flows remained in Duffee until May 13, 1902, when he conveyed to the plaintiff.    The plaintiff, on February 5, 1903, brought this action of trespass to recover damages for injuries alleged to have been sustained by the property from the increased flow of water resulting from the action of the borough.    The learned judge who presided at the trial in the court below permitted a recovery for such damages as the jury might find had occurred during the ownership of the plaintiff.

The plaintiff produced evidence which certainly warranted a finding that the grading and improvement of Ridley avenue caused water, which would not naturally have found its way there, to flow over the land then owned by Duffee, now the property of the plaintiff.    The natural and necessary consequence of the improvement of the street according to the plan adopted was to extend the watershed of which the land was the outlet.    The borough undertook the grading, macadamizing and draining of the road as one entire improvement, and all the elements growing out of it ought to have been considered together by any board of viewers appointed to assess the damages and benefits resulting from the execution of the work. The borough authorities were vested with a discretion to determine the grade at which and the manner in which the street should be improved.    A plan having been regularly adopted, it was not for the court below nor the jury to determine whether the borough authorities have acted wisely, nor was it for them to inquire whether some other plan would have been more advantageous.    The work having been done according to the plan adopted, the borough at once became liable to answer for such injuries to the property as were the direct and immediate result of the improvement.    The right to recover all such damages was in Duffee, the then owner, and not in the plaintiff, his subsequent grantee, and the remedy was a proceeding before viewers, and not an action of trespass :  O'Brien v. Philadelphia, 150 Pa. 589 ; White v. McKeesport Boro., 101 Pa. 394 ; Chatham Street, 191 Pa. 604; Lewis v. Homestead Boro., 194 Pa. 199 ;

Horner v. Philadelphia, 194 Pa. 542; Hoster v. Philadelphia, 12 Pa. Superior Ct. 224; Chatham Street, 16 Pa. Superior Ct. 103; Cooper v. Scranton, 21 Pa. Superior Ct. 17; Beach v. Scranton, 25 Pa. Superior Ct. 430.

The learned judge of the court below permitted the jury to pass upon the question of the necessity for taking this water down Ridley avenue to the property in question, instructing them that unless such necessity existed at the time the avenue was graded the owner was not bound to anticipate that the water, although running there at the time, would be continued to be carried in that direction, " but had a right to assume that it would be, later on as improvements were made, taken off at some other place as near as might be in accordance with the natural flow; that is to say, by way of Trites and Garfield avenues, and he was not bound to make his claim for any damages arising by reason of increased flow from this water above Sylvan avenue before a jury of view, and can recover for such damages as might have been occasioned to him by reason of this increased flow." This was a direct invitation to the jury to find against the borough upon the ground that the authorities had adopted a plan which it was not necessary for them to adopt, or because they had failed to grade certain avenues, which at the time of the grading of Ridley avenue they had not undertaken to improve.

The borough had adopted its own plan and elected to improve its streets in a manner authorized by law, and the court below was without jurisdiction to review the exercise of that discretion. Whatever damages necessarily resulted from the action of the borough were recoverable in a proceeding before viewers, without regard to whether the borough might have adopted some other plan by which the injury to the property would have been avoided. The viewers appointed to ascertain the damages resulting from the grading of Ridley avenue would have been required to deal with the conditions which they found upon the ground, with Trites and Sylvan avenues unopened, ungraded and incapable of diverting any part of the water which the grading of Ridley avenue caused to flow along that street, and Duffee could have recovered full compensation for everything upon which the plaintiff bases his claim. The borough had not then undertaken to open and

grade Trites and Sylvan avenues, and for a mere failure to open and assume the burden of making such ·improvements it did not become liable to answer for damages in an action of trespass. The change in the grading of Sylvan avenue subsequently made was lawfully done, and if the property of the plaintiff was injured thereby he was entitled to have his damages assessed by a board of viewers. The right of a borough to change the paper grades of unopened streets and the actual grades of those which have been improved cannot be questioned, property owners being entitled to have the damages resulting from an actual change ascertained in the manner provided by law. The borough did nothing which it was not by law authorized to do, and it did not become liable to answer in an action of trespass because the plan adopted by its officers was not the best that engineering skill might have devised. There was no evidence that the work for which the plans called was done in a negligent manner, and the point submitted by the defendant asking for binding instructions ought to have been affirmed.

The judgment is reversed.