# Postal Telegraph Cable Company, Appellant, v. Keystone State Construction Company.

*Railroads—Construction of roadbed — Blasting — Independent contractor—Injury to telegraph line—Trespass—Eminent domain.*

Where a railroad company in the exercise of its right of eminent domain constructs its roadway through the medium of a contract with an independent contractor, and as a result of blasting, a telegraph company, in order to prevent injuries to its wires and poles, removes them out of danger until the blasting is finished, the telegraph company cannot maintain an action of trespass against the independent contractor to recover the sum which it expended for labor and material in removing the poles and wires and in restoring them to their original location, if the blasting was done without negligence or malice.

Argued Dec. 16, 1915. Appeal, No. 331, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1912, No. 2796, for defendant on demurrer in case of Postal Telegraph Cable Co., No. 1, v. Keystone State Construction Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover sums of money expended for the temporary removal of telegraph poles and wires.

486, (1916).]    Assignment of Error—Arguments.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining demurrer to statement of claim.

*Horace Michener Schell,* with him *Frank R. Shattuck,* for appellant.—The entry by the defendant company upon the right of way of the plaintiff company without first having secured the payment of damages prescribed by the statute to give it a right to take possession, is in itself a trespass, and, therefore, we submit that having averred such an interference with the prior right of occupancy of the plaintiff and entry upon the same the plaintiff is entitled to recover from the defendants the damage which it sustained: McClinton v. The Pittsburgh, Fort Wayne & Chicago Railway Co., 66 Pa. 404; Dimmick, et al., v. Brodhead, 75 Pa. 464; Gilmore v. Pittsburgh, Virginia and Charleston R. R. Co., 104 Pa. 275; Philadelphia, Newtown and New York Railroad Co., et al., v. Cooper, 105 Pa. 239; Pennsylvania Railroad Co. v. Duncan, 111 Pa. 352; Hay v. The Cahoes Co., 2 N. Y. 159; Cahill v. Eastman, 18 Minn. 324; Fitz-Simons v. Braun, 199 Ill. 390; Hickey v. McCabe, 30 R. I. 346.

The remedy for such an injury is against the contractor alone: Harrison v. Collins, 86 Pa. 153; Edmundson v. Pittsburgh, Etc., Railway Company, 111 Pa. 316; Chartiers Gas Company v. Lynch, 118 Pa. 362.

*Samuel K. Louchheim,* for appellee.—If plaintiff suffered injury by reason of the construction of the roadway, its right of action is against the Philadelphia & Western Railway Company, a corporation clothed with the power of taking private property under the right of eminent domain: McClinton v. Pittsburgh, Etc., Railroad Co., 66 Pa. 404; Gilmore v. R. R. Co., 104 Pa. 275; Philadelphia, Etc., Railroad Co. v. Cooper, 105 Pa. 239;

Penna. Railroad Co. v. Duncan, 111 Pa. 352; Phillips v. Incline Plane Co., 153 Pa. 230; Mellor v. Philadelphia, 160 Pa. 614; Denniston v. Philadelphia Co., 161 Pa. 41; Stork v. Philadelphia, 195 Pa. 101; Lancaster Ave. Imp. Co. v. Rhoads, 116 Pa. 377; Penna. Coal Co. v. Sanderson, 113 Pa. 126.

In the case before your honorable court blasting was necessary, in fact it was indispensable for the performance of the work, and since it was done without negligence or malice we can see no way in which plaintiffs are entitled to recover. It is a clear case of damnum absque injuria: Hoy v. Sterrett, 2 Watts 327; Wheatley v. Baugh, 25 Pa. 528; Hague v. Wheeler, 157 Pa. 324; Hauck v. Tidewater Pipe Line Co., 153 Pa. 366; Booth v. Rome, Etc., R. R. Co., 140 N. Y. 267; Marsh v. Philadelphia, 8 D. R. 340.


OPINION BY ORLADY, P. J., July 18, 1916:

The record shows the following facts: The plaintiff, a public service corporation, had constructed on its right of way, a line of poles and strung wires for the transmission of telegraph messages.

The Philadelphia and Western Railway Company, a public service corporation, entered into a contract with the defendant construction company, to build its road bed between Villa Nova and Norristown, and in doing the necessary work of grading, by reason of the condition of the ground, it was obliged to resort to the method of rock blasting along Gulf Road.

After this work was started and some damage had been done to the plaintiff's wires, in anticipation of further and more serious injury to its property, the plaintiff voluntarily removed its established line of poles and wires from its right of way along Gulf Road "back a distance of 360 feet. In making this change (and after the completion of the construction work by the defendant company), the plaintiff restored the line of poles and wires to their original location. In doing this work it

expended the sum of $380.00 for labor, material, etc., as shown by an itemized account attached to the statement of claim.   To be reimbursed for their expenditures this action of trespass was brought.   A demurrer was filed by the defendant and sustained by the court.

The record and argument shows that the defendant is an independent contractor; that the work done, was necessary to properly construct the roadbed of the railway company; that it was not done in an improper or negligent manner, and that the railway company was exercising its right of eminent domain in the construction of its roadbed.

The plaintiff contends, that as the injuries to its property were the necessary and unavoidable results of the construction company's method of doing the work, it has a good cause of action against it.

It was held in Hauck v. Pipe Line Co., 153 Pa. 366, where a corporation is clothed with the right of eminent domain, and is expressly authorized by law to construct its works and operate them, any injury resulting from such operation, without negligence and without malice, is damnum absque injuria: Stork v. Philadelphia, 195 Pa. 101.

As this case is presented we only decide that the plaintiff is not entitled to recover in this form of action against this defendant.

The judgment is affirmed.