## Dumbaugh v. De Felice & Son

*Charles D. Stone,* for plaintiff.
*Rowley & Smith,* for defendant.

McCreary, P. J., May 27, 1952.—This matter comes before the court on preliminary objections filed by defendant to the complaint. Therefore, the complaint, in itself, constitutes the history of the case. The most important paragraphs of the complaint at the present time are the fourth, fifth, sixth, eighth, ninth and tenth, which read as follows:

"4. That in October, 1950, and now the defendant was engaged in the building of a four (4) lane highway in the Township of North Sewickley, Beaver County, Pennsylvania, for the Pennsylvania Turnpike Commission, by authority of the Western Pennsylvania Turnpike Extension Act of June 11, 1941, P. L. 101.

"5. That during the process of construction of aforesaid roadway it was necessary for the defendant, its servants, agents and/or employees to do extensive and major blasting in and about the area where Route 88 crosses the said turnpike, which area and point is approximately 1000 feet from the land owned by the said plaintiffs and hereinbefore described.

"6. That on the plaintiffs' premises there is located a well, approximately 1000 to 1100 feet from aforesaid point where Route 88 crosses over said turnpike, which said well is the source of water supply for the buildings and turkey business erected and conducted upon above described premises.

"8. That on or about 28th day of October, 1950, the defendant in pursuit of its work did blast extensive charges of dynamite, and additional blastings occurred at said overpass during the last week of June, 1951 and the first week of July, 1951.

"9. As a consequence of said blasting and commotion, the land, buildings, dwellings and turkey population of plaintiffs were shaken by violent vibrations and concussions.

"10. Pursuant to said blasting and vibrations and as a consequence thereof, the supply of water in the said well diminished in volume to a 25 gallon stand with a 10, or less, gallon flow per hour."

Nowhere in the complaint is there any allegation of negligence upon the part of defendant, its employes, agents or servants. Therefore, we construe the com-

plaint to be an action to recover for necessary and nonnegligent blasting.

The legal question involved has been properly stated by defense counsel as follows:

"Where a water well on private property was injured by necessary and nonnegligent blasting operations by an independent contractor in connection with the construction of the Western Extension of the Pennsylvania Turnpike, is the remedy of the owners of the land upon which the spring was located by a viewers' proceedings or by an action of trespass against the contractor who built the turnpike for the Turnpike Commission?"

Article XVI, sec. 8, of the Constitution of Pennsylvania reads as follows:

"Property taken, injured or destroyed by private and municipal corporations.

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise; and the amount of such damages in all cases of appeal shall on the demand of either party be determined by a jury according to the course of the common law."

In Purdon's Pennsylvania Statutes Annotated, in the volume entitled "Constitution of Pennsylvania", in note 23 to section 8 of Article XVI, the following appears:

"23. Limitation of liability to necessary consequences of act of eminent domain itself as distin-

guished from consequences of negligence in doing such act.

"The absolute liability imposed by the Constitution for injury to property, and put by it upon the same footing as a taking for public use, is such injury only as is the direct, immediate, necessary and unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in doing it. For such injury a proceeding before viewers is the appropriate remedy; while for injury by negligent performance of the work, the remedy must be by action of trespass: Denniston v. Philadelphia Co., 28 Atl. 1007, 161 Pa. 41 (1894) ; Stork v. Philadelphia, 45 Atl. 678, 195 Pa. 101, 49 L. R. A. 600 (1900) ; Chatham Street, 16 Pa. Superior Ct. 103 (1901) ; Marshall v. American Telegraph & Telephone Co., 16 Pa. Superior Ct. 615 (1901) ; Corey v. Edgewood Borough (No. 1), 18 Pa. Superior Ct. 216 (1901) ; Curran v. East Pittsburgh Borough, 20 Pa. Superior Ct. 590 (1902) ; Cooper v. Scranton, 21 Pa. Superior Ct. 17 (1902).

"But when it is said that the injury must be the unavoidable consequence of the act of eminent domain itself, the act as committed must be understood, and the claimant will not be turned out of court merely because, in the opinion of the viewers, the court, or a jury, a different and in other respects equally good plan might have been adopted which would have worked no injury to adjoining property. *The real question is, was the injury the necessary consequence of the execution of the plan adopted, or was it the consequence of negligence in executing the plan. In the former case the damage may be assessed by viewers, in the latter not. Chatham Street,* 16 Pa. Super. Ct. 103 (1901) ; *Curran v. East Pittsburg Borough,* 20 Pa. Super. Ct. 590 (1902)" (Italics supplied.)

In the case of Lizza v. Uniontown City, 345 Pa. 363, plaintiff, on appeal from a report of viewers, sought

to recover from the City of Uniontown for damages to his building caused by the construction of a sewer across an adjoining lot. It developed that after the excavation for the sewer had been made, it was allowed to stand for some time, and flood waters from Redstone Creek had stood in the same, and as a result impaired the foundation of plaintiff's building. The court held that the real damage to plaintiff's property had been caused by the negligent manner in which the work had been done, and not by the installation of the sewer itself. Accordingly, it was held that the only remedy of plaintiff, if any, was by an action in trespass.

In the case of Stork v. City of Philadelphia, 195 Pa. 101, the Supreme Court said (p. 108):

"The rule which was thus emphatically enforced and which is the logical deduction from the history of the amendment to the law, is that the absolute liability for injury to property imposed by the Constitution, and put by it on the same footing as the taking for public use, is such injury only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in the doing of it. For such injury a proceeding before viewers is the appropriate remedy. But for injury by negligent performance of the work the remedy must be by action of trespass."

There can be no question about the courts in Pennsylvania being in accord with A. L. I. Restatement of the Law of Torts, §519. That section provides that:

"Except as stated in §§521-4, one who carries on an ultrahazardous activity is liable to another whose person, land or chattels the actor should recognize as likely to be harmed by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm."

In Federoff et ux. v. Harrison Construction Co., 362 Pa. 181, plaintiffs brought an action of trespass to recover for damage to their house caused by vibration in a blasting operation. Defendant was an independent contractor, preparing a site for the construction of a manufacturing plant. It was held that defendant was liable, even though no negligence was proven. The case just cited differs from the instant case, in that there no question of eminent domain was involved, and this independent contractor was employed by a private manufacturing concern. This case quotes and cites with approval A. L. I. Restatement of the Law of Torts, §519.

However, if we accept as true, as we are bound to do, the allegations of fact in plaintiffs' case, we become bound by the provisions of A. L. I. Restatement of the Law of Torts, §521, which is an exception to section 519. That section reads as follows:

"The rule stated in §519 does not apply if the activity is carried on in pursuance of a public duty imposed upon the actor as a public officer or employee or as a common carrier."

Reference was made to the exception allowed by this section in Richard v. Kaufman et al., 47 F. Supp. 337, wherein an action for damages was instituted against an independent contractor to recover damages for destruction of a well on plaintiff's premises by blasting. A verdict was recovered by plaintiff and in refusing defendant's motion for a new trial the court said, p. 338:

"Defendants' first argument is directed against the sufficiency of the evidence to show any basis of liability in the absence of any allegation or proof of negligence. Under the law of Pennsylvania, which is controlling in this case, a person who conducts an ultrahazardous activity, such as blasting, is responsible for damages directly resulting therefrom, even in the absence of

negligence or fault. Baier v. Glen Alden Coal Co., 131 Pa. Super. 309, 200 A. 190, affirmed 332 Pa. 561, 3 A. 2d. 349, and cases cited therein; Restatement of the Law of Torts, §519. The fact that the damage is claimed to have resulted from vibrations in the ground, rather than from the propulsion of debris or other objects through the air, does not make the trespass any the less direct. The further contention of the defendants that this general rule of liability without fault for damage caused by dynamiting is inapplicable where the work is done for municipal purposes under a contract with a municipality is one which was not urged at the trial nor included as a ground for the motions filed. Apart from this, defendants neither alleged nor proved that the work which they were doing was done on behalf of a municipality to which the plaintiff would be entitled to look for compensation for the damages she sustained."

In the case we are considering, however, the fact that the independent contractor was employed by the Pennsylvania Turnpike Commission, which has the power of eminent domain, appears on the face of plaintiffs' pleading and this brings the provision of A. L. I. Restatement of the Law of Torts, §521, into operation. The question was expressly ruled in Del Pizzo v. Middle West Construction Company, 146 Pa. Superior Ct. 345. In this trespass action against an independent contractor a verdict was returned in favor of plaintiff. In reversing the lower court and granting a new trial to defendant, the Superior Court said, pp. 347-48:

"The statements of claim allege that the plaintiffs' properties are located along a street under which defendant was constructing a sewer under a contract with the municipality, in the course of which blasting was done; that the vibrations from the blasting shook plaintiffs' buildings, causing damage; and that defendant was guilty of a direct trespass and, there-

fore, liable for the ensuing damage. Plaintiffs also alleged that defendant conducted the blasting negligently, but no negligence was proven. Plaintiffs, however, did offer evidence which tended to prove that the damage was caused by the blasting. . . .

"Defendant's contract with the city provided that '. . . the contractor shall be held responsible for, and shall make good any damage caused' by blasting. It is established by the decisions of this court in Postal Telegraph Co. v. Keystone State Constructive Co., 63 Pa. Superior Ct. 486, and Hirsh v. McGovern, Inc., 100 Pa. Superior Ct. 1, that a contractor performing municipal work is not liable, without proof of negligence, in an action of trespass for damage caused by the concussion and vibrations of a blasting operation. '. . . if the injuries were the direct, immediate and necessary or unavoidable consequences of the act of eminent domain, no matter how carefully performed, the remedy is against the municipality, ordinarily by proceedings before a board of viewers.' . . .

"Finally, the trial judge allowed the jury to find liability on the theory of a direct trespass. As we have already indicated, this was error because defendant was, under a contract with the municipality, exercising the city's power of eminent domain, and, therefore, had it not assumed the liability, none would have existed without proof that the work was done negligently."

See, also: Kiselak v. Middle West Construction, Inc., 92 Pitts. L. J. 511; Postal Telegraph Cable Co. v. Keystone State Construction Co., 63 Pa. Superior Ct. 486; Hauk v. Tidewater Pipe Line Co., 153 Pa. 366; Turley v. O'Donnell, 48 Pa. Superior Ct. 52.

Plaintiff's remedy is to institute viewers' proceedings naming the Pennsylvania Turnpike Commission as defendant, not an action in trespass for damages

against defendant, unless they can allege and prove negligence.

Accordingly, we make the following

*Order*

Now, May 27, 1952, defendant's preliminary objections are sustained and judgment is entered in favor of defendant, unless plaintiffs amend their complaint within 20 days of the date of this order in such a manner as to state a cause of action.