# Mill Creek Sewer.

*Sewers—Assessments of benefits—Acts of March* 27, 1865, *P. L.* 791, *June* 15, 1871, *P. L.* 391 *and May* 16, 1891, *P. L.* 75.

Under the acts of June 15, 1871, and May 16, 1891, viewers, in ascertaining damages for property taken for a sewer, have no authority to assess benefits generally, without regard to the cost of the sewer. The act of 1891, is an affirmative and supplementary act, which cannot be held to intend an implied repeal of the act of 1871. It must be read in view of the general system already existing, which allowed the assessment of land damages for other improvements, but not for sewers.

| 196 | 183 |
| 28 SC | 363 |
| 196 | 183 |
| d 34 SC | 212 |
| 196 | 183 |
| 38SC | 271 |

Argued March 20, 1899.　Appeal, No. 361, Jan. T., 1898, by the city of Philadelphia, from order of C. P. No. 2, Phila. Co., June T., 1893, No. 253, sustaining exceptions to report of viewers in the matter of the construction of Mill creek sewer. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.　Affirmed.

Exceptions to report of viewers.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to report of viewers.

*Howard A. Davis*, assistant city solicitor, with him *George E. Fili* and *John L. Kinsey*, city solicitor, for appellants.—The legislature may confer upon municipal corporations the power of assessing local improvements upon the property benefited: Hammett v. Phila., 65 Pa. 146; Washington Ave., 69 Pa. 352; Parker's App., 169 Pa. 433; Morewood Ave., 159 Pa. 20; 54th Street, 165 Pa. 8.

The property of the appellees abutting upon the line of the sewer was directly and specifically benefited by the construction thereof, their property being thereby relieved of the presence of the creek and rendered vastly more valuable: In re Road in South Abington Twp., 109 Pa. 118; McConnell's Mill Road, 32 Pa. 285; Road in Chartiers Twp., 34 Pa. 413.

The presumption is that the requirements of the statutes have been complied with by the viewers, and therefore it is not necessary specifically so to state on the report, unless specially required by the acts regulating the subject: Schuylkill Falls Road, 2 Binn. 250; Spear's Road, 4 Binn. 174; Road to McCall's Ferry, 13 S. & R. 25.

*Elias P. Smithers*, for appellees.—The damages to which the appellees are called upon to contribute arise from the exercise by the city of the power of eminent domain in appropriating land for constructing the sewer.　In arriving at a valuation of land taken the advantages accruing to the remaining land of the same owner cannot be set off against the value of that actually taken: Root's Case, 77 Pa. 276; Morewood Ave., 159 Pa. 20.

The 1st and 2d sections of the act of 1891 obviously introduce no new principles of assessment, but lay down rules of procedure only, in accordance with the then existing legal principles. Benefits are only to be assessed in cases where such assessments are authorized by law: In re Saw Mill Run Bridge, 85 Pa. 163; Hand v. Fellows, 148 Pa. 456; Hanover Borough's App., 150 Pa. 202.

There is no repugnancy between the act of 1891 and the system as to the assessment of sewer benefits that existed at the time of its passage, except as the same is modified by section 8 of said act: Dawson v. Pittsburg, 159 Pa. 317; Brady v. Wilkes-Barre, 161 Pa. 246; Seamen v. Borough of Washington, 172 Pa. 467; Beltzhoover Borough v. Beltzhoover's Heirs, 173 Pa. 213; Strohl v. Ephrata Borough, 178 Pa. 50.

Prior to the passage of the act of 1891 the costs and expenses of construction formed the basis of assessments, with the foot-front rule as to the method of apportionment: Phila. v. Tryon, 35 Pa. 401; Phila. v. Greble, 38 Pa. 339; Lipps v. Phila., 38 Pa. 503; Coxe v. Phila., 47 Pa. 9; Wistar v. Phila., 71 Pa. 44; Park Avenue Sewers, 169 Pa. 433; Beechwood Avenue Sewer, 179 Pa. 494; Twenty-Eighth Street Sewer, 158 Pa. 464.

The case comes under the principles of Hammett v. Phila., 65 Pa. 146, and Washington Avenue, 69 Pa. 352, that local assessments cannot be imposed when the improvement is either expressed, or appears to be for general public benefit: In re Saw Mill Run Bridge, 85 Pa. 163; Morewood Avenue, 159 Pa. 20; Park Avenue Sewers, 169 Pa. 433; Beechwood Avenue Sewer, 179 Pa. 490.

OPINION BY MR. JUSTICE McCOLLUM, May 23, 1900:

The proceeding in this case was under the act of May 16, 1891. The petition asked for the appointment of viewers to assess damages sustained by the petitioners by reason of the construction of Mill creek sewer and the taking and using and occupying of their private lands therefor. The appellees were not parties to the petition. The viewers assessed benefits generally, without regard to the cost of the sewer. It is conceeded that they did not consider the cost of construction, but limited their inquiry to the ascertainment of damages for

property taken. A part of these damages were assessed against the appellees. The question to be considered is whether such an assessment is void for lack of authority. The Act of June 15, 1871, P. L. 391, sec. 1, expressly prohibits the assessment of land damages against other property owners except for roads, streets or highways. The words of the section are: "In all cases of the appropriation of land for public use, other than for roads, streets or highways, it shall not be lawful to assess, apportion or charge the whole or any portion of the damages done to or the value of the land so appropriated to, among or against the other property adjoining or in the vicinity of the land so appropriated, nor the owners thereof; and all acts or parts of acts inconsistent herewith are hereby repealed."

The Act of March 27, 1865, P. L. 791, and other acts of assembly which were in force in 1891, established a system in Philadelphia for the assessment for sewers, and authorized a charge of a fixed sum per lineal foot. The act of 1891 is the sole authority for this proceeding and it authorized only the assessment of the expenses and costs of the sewer. It is true the word "sewer" is used in connection with other improvements, grading, paving, etc., in the 1st, 2d and 8th sections of the act, but it must be read in view of the general system already existing, which allowed the assessment of land damages for other improvements, but not for sewers. The act of 1891 is an affirmative and supplementary act, which cannot be held to intend an implied repeal of the act of 1871 and a break in the general system. It contains no words of repeal, or any expression indicating an intention to repeal the act of 1871.

In Morewood Avenue, 159 Pa. 20, the present chief justice in speaking of the act of 1891, in regard to the extent to which property in the neighborhood might be assessed, said: "Besides, there is nothing either in the immediate text or context of the act which indicates that the legislature intended to make so wide a departure from the long existing laws of the commonwealth as to require that properties situated away from the line of the improvement should be compelled to pay," etc. "If the legislature had any such intention they could very easily have said so in language which could not be mistaken. They cannot be said to have done so by mere implication." In the

Park Avenue Sewers Cases, 169 Pa. 433, the question was whether the cost of a main sewer, or only the cost of one sufficient for the lot could be assessed against it. In discussing the provisions of the act it was said by our Brother MITCHELL: "No indication is anywhere given that damages are to be allowed or benefits imposed on any different basis than the usual one of the special and local effects of the improvements upon the property along its line. A departure from the long established line will not be presumed in the absence of explicit expression of such legislative extent."

In all of the cases in which the act has been considered it has been held not to repeal prior acts where the system provided by it is not so inconsistent that they cannot stand together. For these reasons we affirm the order of the court sustaining the exceptions to the report of the viewers.