## Barnett's Case.

*Sewers—Assessments—Benefits—Act of May* 16, 1891, *P. L.* 75.

There is no authority under the Act of May 16, 1891, P. L. 75, to assess properties benefited by the construction of a sewer, for the purpose of paying damages sustained by other owners.

*Appeals—Interlocutory order—Sewers—Viewers.*

An order made by the court merely setting aside a report of viewers, for a legal reason, apparent upon its face, is not a final adjudication of the rights of the parties interested, but is an interlocutory order from which no appeal lies.

Argued March 15, 1905.    Appeal, No. 12, March T., 1905, by George R. Barnett, from order of C. P. Perry Co., Jan. T., 1903, No. 223, setting aside report of viewers in case of George R. Barnett.    Before Rice, P. J., Beaver, Orlady, Smith, Porter and Henderson, JJ.    Appeal quashed.

Petition for appointment of viewers.    Before Jacobs, J., specially presiding.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*James M. Barnett,* of *Barnett & Son,* for appellant, cited: Hammett v. Philadelphia, 65 Pa. 146; Erie v. Russell, 148 Pa. 384; Harrisburg v. Segelbaum, 151 Pa. 172; Oil City v. Oil City Boiler Works, 152 Pa. 348; Chamber's App., 159

Pa. 20 ; Parker's App., 169 Pa. 433 ; Seaman v. Washington Borough, 172 Pa. 467 ; Cooper v. Scranton City, 21 Pa. Superior Ct. 17 ; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292.

*C. H. Bergner*, with him *Wm. S. Seibert*, for appellees, cited : Mill Creek Sewer, 196 Pa. 183.

OPINION BY PORTER, J., July 13, 1905 :

The appellant presented his petition to the court below reciting that the authorities of the borough of Bloomfield had changed a water course and constructed a sewer which caused a great volume of water to be discharged upon the land of the petitioner, causing damage thereto ; and praying for the appointment of viewers, " to view the same and the premises affected thereby, and make report in accordance with the provisions of the act of May 16, 1891, and its supplements." Viewers were appointed, who subsequently made a report finding that the property of the appellant was neither damaged nor benefited, but that certain other property was damaged, and assessing for benefits the properties of W. N. Seibert and Laura V. Alexander, in an amount sufficient to pay the damages so awarded. Seibert and Mrs. Alexander filed exceptions to the report of viewers. George R. Barnett appealed and demanded a jury trial. The court below sustained the exceptions, filed by Seibert and Mrs. Alexander, and set aside the report of viewers, and the appeal and demand of a jury trial by Barnett fell with the report upon which it was founded. Barnett now appeals from the order of the court below sustaining the exceptions of Seibert and Mrs. Alexander and setting aside the report of viewers.

The appellant in his petition upon which this proceeding is founded invoked the provisions of the act of May 16, 1891, P. L. 75, and his rights are to be determined under that statute. The report of viewers stated that the borough authorities had paid $950 for the construction of the sewer, but the viewers assessed no part of the cost and expenses of the construction of the sewer upon any land benefited or supposed to be benefited. If the work was undertaken and carried on in a lawful manner the municipality was, presumably, entitled to be reimbursed for the cost of the sewer by assessments on the abutting

property benefited, in case such property was found, but the municipal authorities do not seem to have presented any claim, or if they did the viewers refused to allow it. The viewers found that one piece of property had been damaged, and then proceeded to provide for the payment of said damages by· an assessment of benefits, to a like amount, upon the properties of Seibert and Mrs. Alexander. The fifth exception, filed in the court below by said parties, raised the question of the authority to provide for the payment of damages for the taking of or injury to land, resulting from the construction of a sewer, by an assessment of benefits upon lands abutting on the improvement, the property of other owners. The argument of the appellant, that the first, second and third sections of the act of May 16, 1891 expressly confer authority to thus make assessments upon property benefited by a sewer for the purpose of paying land damages, might have much force and would certainly be entitled to serious consideration, if the question had not already been authoritatively determined contrary to his intention. This very question, upon a state of facts precisely similar, was considered by the Supreme Court in the case of Mill Creek Sewer, 196 Pa. 183, and it was there decided that, under the provisions of the act of 1891, there could be no assessment upon property benefited by a sewer for the purpose of paying land damages caused by the improvement to the land of other owners. The property of this appellant, as well as that of the appellees, may have been liable to assessment for benefits for the purpose of reimbursing the municipality for the cost and expense of a lawfully constructed sewer, but none of the properties could be assessed to pay the damage which had been sustained by other owners.

This report of viewers showed upon its face that the viewers had not considered the cost of construction, but limited their inquiry to the ascertainment of damages and the assessment of benefits to pay said damages. Exceptions having been filed, the learned judge of the court below was bound to follow the decision of the Supreme Court, and hold the assessment of benefits to be unlawful. The act of May 16, 1891, sec. 6, vests in the court of common pleas very extensive powers in dealing with the reports of viewers made under that statute, " to confirm said report or to modify, change or otherwise

correct the same, or change the assessments made therein, or refer the same back to the same or new viewers, with like power as to their report." The one thing that the court below did not, in the present case, have power to do was confirm the report, upon the face of which it appeared that the assessments were not authorized by law. The learned judge might have modified the report, by directing that the amount which .had been assessed as benefits upon private property, should be paid by the borough, which alone was liable for the land damages, and this upon the whole might have been the most satisfactory, inexpensive and direct way to meet the question presented. The learned judge was, however, vested with a discretion in determining the best manner to remedy the mistake which had been made. The setting aside of the report, upon the ground that the land of Seibert and Mrs. Alexander could not be assessed for the purpose of paying land damages, was not a determination that Barnett was not entitled to recover. The court still had power to refer the matter back to the same or new viewers, and the appellant ought to have applied to the court below, invoking the exercise of that power, but nothing of the kind was attempted. We are asked to reverse an order setting aside a report of viewers, when it would have been reversible error to have confirmed the report. The appellant has not attempted to suggest what alternative course the learned judge of the court below ought to have adopted. The court below, finding that upon the face of the report which made its confirmation impossible, may not upon the facts as then presented have felt justified in undertaking to modify the report, and we are not satisfied that there was error in the manner in which he exercised the discretion conferred by the statute.

The order made by the court below merely set aside the report of viewers, for a legal reason apparent upon its face, and was not a final adjudication of the rights of the parties interested. It left them just where they were before the report had been filed, and nothing had been done which deprived them .of any remedy to which they were entitled. Had the court dismissed the petition, or refused, upon motion, to refer the matter back to the same or appoint new viewers, there would have been a denial of the right guaranteed by the

statute, which would have been proper for review by the appellate court, but we have here nothing of that kind. This appeal is from an interlocutory order, which deprived the appellant of no right, and must be quashed.

The appeal is quashed.