# Reynolds Street Sewer (No. 1).

*Sewers—Benefits—Land damages—Assessment.*

On exceptions to a report of viewers assessing benefits and damages growing out of the construction of a sewer, where it appears that a large sum was assessed against the city, it will be assumed that such assessment included the land damages, inasmuch as there can be no assessments of benefits in sewer cases to individual owners to pay land damages.

Where an ordinance provides for a trunk sewer with lateral branches, and it appears that the work was undertaken as a whole and let to one firm of contractors, a property owner whose property has been assessed for benefits, cannot object on exceptions that separate juries of view were not appointed for the trunk sewer and its respective lateral branches.

Where a jury of view assesses certain landowners with benefits for the construction of a sewer, and also allows the same owners special damages, another landowner has no ground to complain because he did not receive special damages. The fact that there were special damages allowed, and a separate assessment of benefits to certain owners, leads to the belief that the viewers did not consider the other owner's property damaged by the improvement.

Argued April 8, 1907.   Appeal, No. 5, April T., 1907, by Joseph Woodwell, from order of C. P., No. 1, Allegheny Co., Dec. T., 1903, No. 44, dismissing exceptions to report of viewers In re Petition of the City of Pittsburg in the Matter of Construction of Sewers on Reynolds Street with branches. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Exceptions to report of viewers.

The exceptions were as follows:

1. The report of the viewers shows that it embraces a trunk sewer on Reynolds street and branch sewers on all the cross streets, numbering a dozen or more.   The viewers improperly assessed the cost of the whole improvement, including damages allowed private property owners through whose property the trunk line sewer ran, upon all the properties abutting on the main sewer and all the branch sewers.   The viewers erred in this method of making assessments; the cost of each sewer should have been ascertained separately and the proper amount assessed against the property benefited by each separate sewer; especially is this true since the different branch sewers were all constructed by different contractors two years before the main sewer was constructed, and the work was let by the city to different contractors for the construction of each sewer separately.   The main sewer was also constructed by a different contractor and under a different contract from any of the branch sewers.   Exceptants claim that a separate board of viewers should have been appointed for each sewer, or, if one board of viewers be appointed for all the sewers, then a separate report should have been made for each sewer.

2. The viewers erred in including the damages allowed for the taking of private property in the total damages, costs and expenses, which were assessed upon the property owners.

3. The assessment of benefits against exceptants is excessive.

209, (1907).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*F. C. McGirr*, of *Marron & McGirr*, for appellants.—Under the Act of May 16, 1891, P. L. 71, the viewers must report the two matters of damages and benefits separately, to give the court primarily, and the parties finally, more information as to the steps by which the net result was reached and better opportunities to have it examined and verified: Dawson v. Pittsburg, 159 Pa. 317 ; Park Avenue Sewers, 169 Pa. 433 ; Beechwood Avenue Sewers, 179 Pa. 490.

That there can be no assessment of benefits in sewer cases to pay land damages is decided in Mill Creek Sewer, 196 Pa. 183 ; Barnett's Case, 28 Pa. Superior Ct. 361.

*T. D. Carnahan*, with him *W. B. Rodgers*, for appellee.

OPINION BY HENDERSON, J., October 7, 1907 :

Under an ordinance approved October 2, 1900, the city of Pittsburg constructed a sewer on Reynolds street with lateral branches on intersecting streets. After the completion of the work, viewers were appointed on the petition of the city to ascertain the cost, damages and expenses and assess the benefits growing out of the improvement. Exceptions were filed by the appellant which were overruled by the court—hence, this appeal. Two objections are made to the action of the viewers : (1) that the exceptor was charged with benefits for the purpose of paying land damages to other property owners ; and (2) the viewers should have assessed benefits and damages for the sewer on each street as a separate improvement. The exceptions were dismissed without prejudice to the right of the exceptor to raise the same question on appeal. A third exception was filed alleging that the assessment was excessive, but its dismissal is not assigned for error and we may assume that it is not maintained by the facts. No testimony was taken and the questions involved must be determined by the record presented. We do not find anything which furnishes a sufficient basis to sustain the first exception. The whole cost of the sewer as shown by the report of the viewers was $96,517.58. There was the additional cost of $16,851 for damages, apart from special benefits, making the entire cost of the improvement

$113,368.58.   Of this sum more than $48,000 was assessed against the city of Pittsburg.   In the face of this showing it cannot be successfully alleged that the appellant was charged with any part of the land damages allowed other property owners.   The city was clearly made liable not only for these damages, but for a large part of the cost of the construction of the sewer.   As there can be no assessment of benefits in sewer cases to pay land damages (Mill Creek Sewer, 196 Pa. 183; Barnett's Case, 28 Pa. Superior Ct. 361) it will be assumed that the assessment against the city included the land damages. Neither does there appear to be any warrant for the allegation in the exception that the work on the branch sewers was let by the city to different contractors for the construction of each sewer separately, and that the main sewer was constructed by a different contractor and under a different contract from any of the branch sewers.   The ordinance under which the work was done provides for a trunk sewer with lateral branches as a system of sewers, and the petition for the appointment of viewers, and especially the final estimate approved by the city authorities attached as an appendix to the appellee's argument, show that the work was undertaken as a whole and was let to one firm of contractors.   No complaint is made that a smaller sewer or one less expensive would have met the requirements of the situation, and no persuasive reason is suggested why the report of the viewers should not have covered the whole of the undertaking.   The multiplication of boards of viewers and the submission of numerous reports on the several branches of the sewer would have complicated rather than simplified the proceeding, and it certainly has not been made to appear that the appellant was prejudiced because of the manner in which the viewers proceeded.   The improvement was undertaken and carried through as a whole, the viewers were appointed to take into consideration the entire construction and it was considered in that light by them.   The abutting properties are charged upon the basis of the cost of the branch sewers, and no apparent advantage would result either to the city or the landowners if a view were had for each branch apart from the main sewer.

The exceptions do not raise the questions presented in Park Avenue Sewers, 169 Pa. 433, and Beechwood Avenue, 179 Pa. 490.   The first case held that the cost of constructing a sewer

can only be assessed on property abutting upon the line of improvement and that an owner could not be assessed with the cost of a fifteen inch main sewer when the facts agreed upon by counsel show that a ten inch local sewer would have been sufficient to give the property all the benefits it derives from the improvement. The second case decided that owners of property not abutting on a sewer cannot be assessed for benefits even where a water course which before had furnished drainage was turned into a closed and covered sewer. The assessment here complained of was made against abutting property and is not within the class of assessments considered in the cases above cited.

The arguments of the counsel included a consideration of the question whether the viewers should have set forth in the report the damages sustained by an abutting owner where the special benefits exceeded the damages. This question does not appear to have been raised by the assignments of error, however, and it may not have been taken into consideration by the court. Conceding the effect of Dawson v. City of Pittsburg, 159 Pa. 317, to be as claimed by the appellant, we are not shown that the viewers made a mistake in their report. Special damages are allowed in several cases in favor of owners where assessments are made against the same owners for special benefits. It does not necessarily follow that the construction of the sewer through the property of the appellant resulted in damage to him. The fact that there were special damages allowed, and a separate assessment of benefits in the instances referred to, leads to the belief that the viewers did not consider the appellant's property damaged by the improvement. In our consideration of the case we have not found a substantial basis for the appellant's exceptions. The merits of his case on questions of fact can be fully considered in his appeal pending in the court of common pleas.

The assignments are overruled and the decree affirmed.