## Winton  Borough's  Sewer.

*Sewers—Cost of sewer—Abutting owners—Act of April 2, 1903, P. L. 124.*

When a report of viewers assessing the costs and expenses of construction of a system of sewers in a borough is confirmed by the court, such confirmation is an adjudication that the sewer for which an owner is in part charged, cost the actual amount assessed against all the abutting owners; and when this fact has been determined there is no foundation in law for the allegation that the damages allowed other property owners are covered by the assessment for the cost of the construction, nor is any such fact to be implied.   Such owner is not concerned with the matter of the means by which the persons who are allowed damages may recover the amounts so allowed them.

Argued March 7, 1911.   Appeal, No. 24, March T., 1911, by Joseph Lynch, from order of C. P. Lackawanna Co., March T., 1909, No. 965, dismissing appeal from the report of viewers in the matter of the sewers of the Borough of Winton.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from report of viewers.   Before EDWARDS, P. J.
The facts are stated in the opinion of the Superior Court.

502, (1911).]   Assignments of Errors—Opinion of the Court.

*Error assigned* was order dismissing appeal from the award of viewers.

*A. A. Vosburg*, with him *John R. Wilson* and *Warren, Knapp & O'Malley*, for appellant, cited: Seventh Street Sewer, 35 Pa. Superior Ct. 484; Murdoch v. Pittsburg, 223 Pa. 280; Mill Creek Sewer, 196 Pa. 183; Barnett's Case, 28 Pa. Superior Ct. 361.

*George D. Taylor*, with him *James J. O'Malley*, for appellee, cited: Reynolds Street Sewer, 34 Pa. Superior Ct. 209; Mill Creek Sewer, 196 Pa. 183; Barnett's Case, 28 Pa. Superior Ct. 361; Seventh Street Sewer, 35 Pa. Superior Ct. 484; Chatham Street, 16 Pa. Superior Ct. 103; Brackney v. Crafton Boro., 31 Pa. Superior Ct. 413; Chester v. Steel Castings Co., 10 Del. County Rep. 197; Murdoch v. Pittsburg, 223 Pa. 280.

OPINION BY HENDERSON, J., April 17, 1911:

The appellant is one of about 150 property owners who appealed from the confirmation of the report of viewers assessing the costs and expense of construction of a system of sewers in the borough of Winton. The court struck off the appeal in this case on a motion to that effect filed by the borough and from that order the pending appeal was taken. The learned counsel for the appellant concede the law to be that the right of appeal to the court of common pleas is limited by the second section of the act of April 2, 1903, to "any party whose property is taken, injured or destroyed or who is assessed benefits to pay damages for property taken, injured or destroyed." None of the appellant's property was taken, injured or destroyed, but it is alleged that he was assessed benefits to pay damages for property taken, injured or destroyed and this is the basis on which he rests his appeal to the court of common pleas. It is not asserted that there is an express charge against him of benefits to be paid to others whose property was taken, injured or destroyed, but that

there was an allowance of damages to the amount of $2,200 to two property holders whose land was injured which was not declared by the viewers to be assessed against the city and that, therefore, the amount so allowed is included in the total assessment for the cost of construction. The sewer consisted of two systems: a storm water sewer, the cost of which was fixed at $29,625 and a sanitary sewer, the cost of which was $30,424.50. No part of the cost of the storm sewer was assessed against the abutting property owners but all of the cost of the sanitary sewer was so charged. The report of the viewers recites that the costs and expense of constructing the sanitary sewer are $30,424.50, and that the benefit to the abutting property owners by reason of the construction of the sewer is the same amount and a schedule is attached to the report giving the names of the owners of the properties affected by the sewer and the amounts charged to each one in proportion to his holding and the aggregate of the amounts thus charged against the individual owners equals the cost of the sewer. The act of 1903 provides that the report of viewers when finally confirmed shall be conclusive as to any assessments made therein to pay the costs and expenses of any sewer. When therefore the report of viewers was confirmed by the court that confirmation was an adjudication that the sewer for which the appellant is in part charged cost the actual amount assessed against all the abutting owners. And when this fact has been determined there is no foundation in law for the allegation that the damages allowed other property owners are covered by the assessment for the cost of construction. Nor is any such fact to be implied. The act applies not only to the construction of sewers but to street or other improvements, and the provision with reference to the appeal from an assessment for benefits has evident reference to benefits charged for any "street or other improvement," for the statute does not make provision for assessments against abutting property owners to pay damages caused by the construction of sewers. The Act of June 15, 1871,

P. L. 391, prohibits the assessment of land damages against other property owners except for roads, streets or highways. This act is not repealed by the act of May 16, 1891, nor by the act of April 2, 1903: Mill Creek Sewer, 196 Pa. 183; Reynolds Street Sewer, No. 1, 34 Pa. Superior Ct. 209. The appellant's complaint is in fact therefore that his assessment was excessive, but the presumption is that the viewers performed their duty and made such assessments only as the law and the evidence authorized, Chatham Street, 16 Pa. Superior Ct. 103, and if dissatisfied with the report the redress of the party is by exceptions to be heard by the court. The record brought up shows that the amount assessed against the appellant is only his proportion of the actual cost of the construction of the sewer. He is not concerned with the matter of the means by which the persons who are allowed damages may recover the amounts so awarded. They would doubtless go to the city for reimbursement, but the conclusiveness of the report of the viewers on the cost of the work having been fixed by statute no opportunity is given to the appellant, by an appeal to the court of common pleas, to open up the whole subject of costs and assessments for the purpose of ascertaining whether the amount fixed by the viewers is excessive or not.

The order is affirmed.