# In re Petition of the City of Pittsburg for the appointment of Viewers. Maria F. Smith's Appeal.

*Road law—Practice, C. P.—Viewers—Evidence—Act of May 16, 1891.*

In proceedings under the act of May 16, 1891, P. L. 71, relating to the improving of streets, the court has power upon exceptions to the report of viewers, to modify or change the assessment, or to refer the report back to the same or to a new jury of view, and it is the duty of the court to supervise and review the work of the viewers, and to correct errors to which its attention is called by the exceptions filed; but every presumption is in favor of the award, and unless errors in the proceedings or findings are pointed out the report should be confirmed. The work of the court is that of review on exceptions filed, and it is not its duty to proceed de novo and consider all the testimony taken, and make a new award.

Argued Nov. 10, 1896. Appeal, No. 34, Oct. T., 1896, by Maria F. Smith, from order of C. P. No. 3, Allegheny Co., Feb. T., 1895, No. 532, dismissing exceptions to report of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers.

From the record it appeared that on January 16, 1895, the city of Pittsburg presented a petition for the appointment of viewers for the assessment of damages and benefits for the paving, laying and curbing of a sidewalk on Wightman street. Viewers were appointed who assessed benefits on the land of Maria F. Smith, James J. Mead, Frank H. Speer, A. J. Mercer, Margaret A. Mercer, Harriet Spratt, A. M. Marshall and Frank LeMoyne, and made their report, which was confirmed nisi September 28, 1895. On October 7, 1895, James J. Mead, Frank H. Speer, Frank LeMoyne, A. J. Mercer, Margaret A. · Mercer, Maria F. Smith, and Harriet Spratt filed exceptions, as follows : (1) the said assessments are based upon the cost and not on the value of the improvements ; (2) said assessments are excessive and exorbitant, and greater than the value of said improvements ; (3) said assessments are unjust and inequitable ; (4) said assessments are improperly made because the said viewers have not from their personal inspection and examination ascertained, (a) the character of the work ; (b) the situation of the property ; (c) the adaptability of the pavement to the grade of the street ; (d) the particular damage or the benefit resulting to each property. October 28, 1895, A. M. Marshall filed exceptions.

On November 1, 1895, the appellant by leave of court filed an additional exception, viz : That the testimony adduced before said viewers in support of their exceptions was not a part of said report, nor had it been filed of record in this case, and that the said report is defective, insufficient, incomplete and not in accordance with law.

On the same day the exceptions were dismissed, and the report confirmed absolutely.

The testimony taken was not attached to or made a part of the report when filed, and the court refused to consider it.

On November 6, 1895, the following order was made : " It appearing to the court that on October 28, 1895, exceptions to the viewers' report were filed by A. M. Marshall, and that the same were not presented in court or considered by the court when the order of November 1, 1895 was made confirming absolutely said report—said exceptions not appearing on the argument list then before the court, and it appearing also that the

testimony taken before the viewers has not been filed, the said order dismissing the exceptions and confirming said report absolutely is hereby rescinded, and said report is reopened for the benefit of all parties who may desire to be heard and all exceptions heretofore dismissed are restored."

On December 18, 1895, the testimony was filed.  On December 23, 1895, the case came up on argument list, the exceptions were dismissed, and the report of the viewers confirmed absolutely.  Maria F. Smith appealed.

.   *Errors assigned* were in dismissing exceptions.

*W. K. Jennings*, with him *H. G. Watson*, for appellant.— The intent of the act would seem to be to authorize the creation of a subordinate tribunal, analogous to the boards of viewers appointed by the quarter sessions under the road laws, to relieve the courts of the drudgery of the preliminary work of hearing witnesses and making estimates, subject however to their full supervision and control, with power to confirm, modify, change or recommit the report either to the same or another board of viewers.

The proper practice under the act of 1891 is for the lot owner to appear before the viewers and aid them, if he can, in determining what the materials and labor employed in the improvement are really worth : Twenty-eighth Street, 158 Pa. 464 ; In re Omega St., 152 Pa. 129.

A board of viewers is spoken of in Tourison's Appeal, 171 Pa. 38, by this court "as a tribunal unknown to the common law."

The rule laid down by the lower court is so narrow that it is almost impossible to obtain a hearing upon exceptions : Wyoming St., 137 Pa. 494.

*T. D. Carnahan*, with him *Clarence Burleigh*, for appellee, cited Omega Street, 152 Pa. 129.

OPINION BY MR. JUSTICE FELL, January 4, 1897 :

There is no foundation for the complaint that the appellant was denied a hearing in the common pleas.  She had the fullest opportunity to be heard, and the record of the proceedings in court indicates a desire on her part to avoid a hearing and de-

cision of the question.  The exceptions to the report of the viewers were in substance that the assessments were based upon the cost and not the value of the improvements, and that they were excessive and inequitable; and that they were improperly made because the viewers had not from personal inspection ascertained the character of the work, the situation of the property, the adaptability of the pavement to the grade of the street, and the particular benefit or damage resulting to each property. The first time these exceptions appeared on the list their argument was postponed at the request of the appellant's counsel. The second time they were ready for argument, counsel asked the court to appoint a commissioner to take the testimony anew, and this request being refused they declined to proceed with the argument or to point out their objections to the report.  The report was then confirmed, but upon information that the exceptions filed by one of the parties had through mistake not been placed on the argument list and an opportunity for a hearing given him, the court set aside the confirmation of the report and reopened the case as to all the parties excepting, and the testimony taken before the viewers was filed.  When the case again came on for hearing, counsel for the exceptants neither argued their exceptions nor stated to the court any reason for setting aside the report, but raised new questions not before us now.  The report was then confirmed, and properly confirmed. The appellant has been given everything she was entitled to, and has received all she asked except a decision in her favor without reason therefor.

The proposition that the proceeding before the viewers, the appearance, the introduction of testimony and the filing of exceptions, were preparatory only and preliminary to a hearing before the court is not sustained by the decision in Travers's Appeal, 152 Pa. 129, or Pittsburg Manufacturing Co.'s Appeal, 158 Pa. 464, and it is wholly untenable.  This is the proceeding provided by the act of 1891 for the ascertainment of benefits and damages, with the right of appeal, and to demand a trial by jury.  The hearing by the court is upon exceptions to the report of viewers, and the court has power to modify or change its assessments or to refer the report back to the same or to a new jury. It is the duty of the court to supervise and review the work of the viewers and to correct errors to which its attention is called

by the exceptions filed, but it is not its duty to direct the testimony to be taken anew when that heard by the jury is before it, or to proceed de novo and consider all the testimony taken and make a new award. Its work is that of review on exceptions filed. Every presumption is in favor of the award, and unless errors in proceedings or findings are pointed out the report should be confirmed.

The decree is affirmed at the cost of the appellant.