# West Liberty Avenue Sewer.

*Sewers—Assessment for benefits—Report of viewers.*

1. Where a viewers' report shows that assessments for a sewer were based on special benefits to several properties, and there is nothing in the record from which the appellate court could find that the assessment exceeded the proper limits, the order confirming the report will not be reversed.

2. The findings of viewers on questions of fact, approved by the court, will not be disturbed, except for clear error.

3. Every presumption is in favor of the award, and unless errors in proceedings, or findings, are pointed out, the report should be confirmed.

4. A property owner cannot be assessed with the cost of a main sewer where it appears that a smaller local sewer would have been sufficient to give the property all the benefit it derives from the main sewer.

Argued April 30, 1913. Appeal, No. 154, April T., 1913, by George Hughey and George Hughey, Trustee, from order of C. P. No. 4, Allegheny Co., Second Term, 1911, No. 601, confirming report of viewers In re Petition for the Appointment of Viewers in the Matter of West Liberty Avenue Sewer and Branch Sewers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to award of viewers. Before CARNAHAN, J.

*Errors assigned* showing the exceptions were as follows:
1. The court erred in dismissing the first exception

filed by George Hughey, one of the appellants, to the
report of the viewers without hearing testimony as to
the facts alleged in said exception, said exception and
order being in the form following:

"1st. Exceptant avers that the benefits assessed
against the various properties aforesaid, in the amounts
aforesaid, have been unlawfully assessed; that the assess-
ment per lineal foot front against these various proper-
ties is in excess of and exceeds the cost per lineal foot
of the construction of said sewers, house connections
and drops on the streets above named; that if the afore-
said schedule of benefits is allowed to stand the city of
Pittsburg shall and will receive more money from ex-
ceptant than it cost the said city to construct the
sewer, etc., in front of his properties on the streets
above named; that the city of Pittsburg hereby shall
have engaged in sewer construction at a profit, or in
other words, shall have engaged in speculative sewer
construction contrary to law."

"And now, to wit: December 16, 1912, the exceptions
to viewers' report filed in behalf of the estate of Chris-
tian Wilhelm, John F. Moore, George Hughey, and
George Hughey, trustee, under the last will and testa-
ment of Joseph Hughey, deceased, are hereby dismissed."

2. The court erred in dismissing the fourth exception
filed by George Hughey, one of the appellants to the
report of the viewers, without hearing testimony as to
the facts alleged in said exception, said exception and
order being in the form following:

"4th. Exceptant avers that the said sewer is a public
improvement for the sanitary sewage of properties not
fronting on West Liberty avenue and that his proper-
ties should only be assessed for a sewer of sufficient
size and capacity to provide for the sanitation of said
properties on said avenue.

"And now, to wit: December 16, 1912, the exceptions
to viewers' report filed in behalf of the estate of Chris-
tian Wilhelm, John F. Moore, George Hughey and

George Hughey, trustee under the last will and testament of Joseph Hughey, deceased, are hereby dismissed."

3. The court erred in dismissing the first exception filed by George Hughey, trustee, one of the appellants to the report of the viewers, without hearing testimony as to the facts alleged in said exception, said exception and order being in the form following:

"1st. The exceptant avers that the benefits assessed against the various properties aforesaid, in the sums aforesaid, have been unlawfully assessed; that the assessment per lineal foot front against the properties situate on Willison avenue and Brookline boulevard as noted, both taken together, that the assessment of benefits per lineal foot front against the properties situate on the opposite sides of these two streets, exceeds the cost per lineal foot to the city of Pittsburg for the construction of said sewers, house, connections and drops on the two streets above named, that the benefits assessed against exceptants' properties alone are in excess of the per lineal foot cost to the city of Pittsburg; that if the aforesaid schedule of benefits is permitted to stand, the city of Pittsburg shall have engaged in speculative sewer construction at a profit and contrary to law.

'And now, to wit: December 16, 1912, the exceptions to viewers' report filed in behalf of the estate of Christian Wilhelm, John F. Moore, George Hughey, and George Hughey, trustee under the last will and testament of Joseph Hughey, deceased, are hereby dismissed."

4. The court erred in dismissing the third exception filed by George Hughey, trustee, one of the appellants to the report of the viewers, without hearing testimony as to the facts alleged in said exception, said exception and order being in the form following:

"3d. Exceptant avers that the assessment per lineal foot front against the various properties situate on Frew avenue and Woodward avenue are in excess per lineal foot cost of the construction of these sewers to the city of Pittsburg; that if the aforesaid schedule of

242, (1913).]          Assignment of Errors—Arguments.

benefits assessed against exceptant's properties on Frew
avenue and Woodward avenue is allowed to stand, the city
of Pittsburg shall have engaged in sewer construction at
a profit and contrary to law.

And now, to wit: December 16, 1912, the exceptions
to viewers' report filed in behalf of the estate of Christian
Wilhelm, John F. Moore, George Hughey, and George
Hughey, trustee under the last will and testament of
Joseph Hughey, deceased, are hereby dismissed."

5. The court erred in ignoring and disregarding the
request of George Hughey, exceptant, to inquire into
all the assessments under the following:

"Wherefore he prays that all these assessments be
inquired into by the proper Court at the proper time."

6. The court erred in confirming absolutely the report
of the board of viewers without remanding, altering or
correcting the same under the following order:

"And now, to wit: December 19, 1912, it appearing
from the record, that the viewers' report in the above
entitled proceeding, was filed and confirmed nisi on
September 27, 1912, and that exceptions were filed
thereto by G. P. F. Wilhelm, Adm., Joseph F. Moore,
George Hughey and George Hughey, trustee, and no
others; that said exceptions came on to be heard, and
that on December 16, 1912, were dismissed, it is ordered,
adjudged and decreed that the report of the board of
viewers shall be, and the same is hereby confirmed ab-
solutely.

*E. A. Morton*, with him *J. C. Boyer*, for appellants.—
The city can only assess benefits to the extent of the
cost on the separate streets: Witman v. Reading, 169
Pa. 375; Erie v. Bier, 10 Pa. Superior Ct. 381; Harris-
burg v. Cummings, 6 Pa. Dist. Rep. 437; Park Avenue
Sewers, 169 Pa. 433; Amberson Avenue, 179 Pa. 634.

*Lee C. Beatty*, first assistant city solicitor, with him
*C. A. O'Brien*, city solicitor, for appellee, cited: Pitts-

burg's Petition, 179 Pa. 630; Murtland Street Sewer, 226 Pa. 478; Omega Street, 152 Pa. 129; Twenty-eighth Street Sewer, 158 Pa. 464; Witman v. Reading, 169 Pa. 375; Park Avenue Sewers, 169 Pa. 433.

OPINION BY PORTER, J., July 16, 1913:

The city having under the provisions of a single ordinance constructed a main sewer in West Liberty avenue, with branch sewers on Brookline boulevard, Willison avenue, Frew avenue, Boyer avenue, Penn alley, Woodward avenue, and Templeton avenue, after the completion of the work petitioned the court below for the appointment of viewers to ascertain the costs, damages and expenses and assess the benefits by reason of said improvement, subject to the provisions of the Act of May 16, 1891, P. L. 75, and the supplements and amendments thereof. The viewers were appointed and the report which they subsequently filed discloses that they proceeded in strict compliance with the provisions of the statutes. The report found that no property had been damaged by the execution of the work and that the cost and expenses of the several sewers had been $25,825.17 of which amount $1,971.32 was assessed against the city, "being the difference between the total amount of cost and expenses of said improvement and the total amount of special or peculiar benefits." The appellants, being the owners of several lots of ground which were assessed for benefits by the report, filed exceptions, which after argument the court below dismissed, and confirmed the report of viewers.

The properties owned by the appellants consisted of a number of separate and distinct lots, all in one general plan, some of which lots fronted upon the main sewer on West Liberty avenue and others abutted upon the branch sewers laid in the streets of the plan. The exceptions to the report of viewers, the dismissal of which is made the subject of the several specifications of error, raised only a question of fact, did the aggregate of the assessment of

benefits against the property abutting on each of the sewers exceed the cost of construction of that sewer? The dismissal of the exceptions was an adjudication of that question of fact against the contention of the appellants: Winton Borough's Sewer, 46 Pa. Superior Ct. 502. After the order of final confirmation this appeal was taken. There is no bill of exceptions to the admission or rejection of evidence, for the appellants did not make any offer of evidence. There is nothing before us, therefore, but the record. Looking at the record we find a proper petition for the appointment of viewers, the order appointing them, their report, and the order of confirmation. The report shows that the proceedings before the viewers were entirely regular, the viewers heard all parties who desired to be heard, they gave all parties including these appellants notice of their preliminary assessment. These appellants appeared before the viewers and filed with the viewers exceptions to the assessment, which merely asserted that the assessment "is excessive and beyond the actual cost of the sewers laid or required on said streets." The viewers, on August 28, 1912, heard the appellants on the exceptions so filed, and, on September 18, 1912, overruled the exceptions, and subsequently filed the report. What evidence was before the viewers we do not know, for the evidence cannot become a part of the record, except it be brought on by a bill of exceptions. For anything that appears on this record the viewers may have heard evidence, concluded that the cost of each branch sewer exceeded the aggregate amount of the assessment of benefits against property thereon abutting, and made their report from a thorough investigation such as the law requires them to make: Twenty-Eighth Street Sewer, 158 Pa. 464. The duty of the court below was to review the report on the exceptions filed, and not to proceed de novo and consider all the testimony which had been produced before the viewers, and make a new award. Every presumption is in favor of the award, and unless errors in proceedings

or findings are pointed out the report should be confirmed: Pittsburg's Petition, 179 Pa. 630. The findings of viewers on questions of fact, approved by the court, should not be disturbed except for clear error: Amberson Avenue, 179 Pa 634. Where a viewers' report shows that assessments for a sewer were based on the special benefits to the several properties, and there is nothing in the record from which the appellate court could find that the assessment exceeded the proper limits, the order confirming the report will not be reversed: Murtland Street Sewer, 226 Pa. 478.

The report in the present case certainly does not indicate that the city has been permitted to make a profit out of this improvement, for the viewers have assessed almost $2,000 of the actual cost of the sewer system against the city. This was probably due to the fact that there was a fifteen-inch sewer on West Liberty avenue, and ten-inch sewers on Brookline boulevard and Boyer avenue, the increased size of these sewers being due to the fact that the branch eight-inch sewers upon which some of the lots owned by appellants abutted had to have an outlet through these larger sewers, and the viewers may have considered it inequitable to assess the properties upon the streets where the larger sewers were located for more than the amount of the cost of a sewer sufficient to give the property on that street all the benefit it derived from the main sewer. A property owner cannot be assessed with the cost of a fifteen-inch main sewer where it appears that a ten-inch local sewer would have been sufficient to give the property all the benefit it derives from the main sewer: Park Avenue Sewers, Appeal of Parker, 169 Pa. 433. We cannot, therefore, assume that the viewers made a mistake when they refused to assess the property on West Liberty avenue at a higher rate than they assessed the property which abutted on the eight-inch branch sewers. The allegation of the appellants that the assessment of benefits against properties fronting on each side of Willison avenue is shown by

the report to be excessive, as compared with the assessments upon other branch sewers, is not well founded. The branch sewer in question was not all located in Willison avenue, it extended for one full square of its length along Frew avenue, from Willison avenue to Brookline boulevard; it was necessary that it should do so in order to have an outlet. A sewer is not necessarily all located in one street; it may extend through two or more streets and through private property, and still, in its entirety, constitute but one sewer: Grant Street, 17 Pa. Superior Ct. 459. The property on each side of Willison avenue was assessed, but no assessment was made, for this particular sewer, against the property on Frew avenue between Willison avenue and Brookline boulevard. The reason for this is apparent on the face of the report, and the accompanying map. The properties on the north side of Frew avenue, owing to the conformation of the ground, could not connect with the sewer in that avenue, and they were in this very proceeding assessed for the construction of the branch sewer in Woodward avenue. The property on the south side of Frew avenue at this point consisted of the sides of two lots, one of which was in this proceeding assessed for the construction of the sewer in Brookline boulevard and the other lot was assessed upon the basis of the benefits which it received from its frontage on Willison avenue. We find nothing in the record from which we can determine that the assessments exceeded the proper limits. The specifications of error are overruled.

The order is affirmed, and the appeal dismissed at costs of the appellants.